

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00005-CR

———————————————

CESAR ABRAM PADILLA, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1554757D

Before Bassel, J.; Sudderth, C.J.; and Womack, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Cesar Abram Padilla attempts to appeal from his conviction for possession of marihuana of two ounces or less. *See* Tex. Health & Safety Code Ann. § 481.121(b)(1). On October 12, 2018, Padilla pleaded guilty pursuant to a plea bargain, and in accordance with that plea bargain, the trial court sentenced him to ninety days in Tarrant County Jail.[1] No motion for new trial was filed, so Padilla's notice of appeal was due November 11, 2018, but was not filed until January 3, 2019. *See* Tex. R. App. P. 26.2(a)(1).

On January 8, 2019, we notified Padilla of our concern that we lack jurisdiction over his appeal because his notice of appeal was not timely filed. *See* Tex. R. App. P. 26.2(a). We warned Padilla that we could dismiss his appeal unless he or any party responded by January 18, 2019, and showed grounds for continuing this appeal.[2] *See* Tex. R. App. P. 44.3. Padilla filed a response, but it does not show grounds for continuing the appeal.

Our appellate jurisdiction is triggered through a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If a notice of appeal is not

---

[1]Padilla also waived his right of appeal as part of the plea bargain. Consistent with Padilla's plea bargain, the "Trial Court's Certification of Defendant's Right of Appeal" states that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2), (d).

[2]We also warned Padilla that his appeal could be dismissed based upon the trial court's certification. *See* Tex. R. App. P. 25.2(d), 44.3.

timely filed under rule 26.2, we do not have jurisdiction to address the merits of the appeal and may take no action other than dismissal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 26.2(a), 43.2(f).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  February 14, 2019

3